UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Rudolph Betancourt**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:17-cv-10258 |
| v. | ) |
| | ) |
| **Mark VI, LLC,** a Michigan limited liability company, | ) Judge: |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **Rudolph Betancourt**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **Mark VI, LLC**, a Michigan limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, **Rudolph Betancourt**, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **Rudolph Betancourt** ("Plaintiff") is a Fenwick, Michigan resident, formerly of Flint Township and continuing to own real estate therein, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Mark VI, LLC** owns a shopping center located at 3235 W Thompson Rd, Fenton, MI 48430 in Genesee County. There are several restaurants and stores located in the Defendant's center. Plaintiff has patronized Defendant's center as a restaurant customer previously. Defendant's center is a place of public accommodation.

6. Upon information and belief, the facilities owned by **Mark VI, LLC** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a shopping center

and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is a United States Marine Corps veteran and leg amputee and uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On August 18th, 2016 and many previous occasions, Plaintiff visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff lives in Fenwick, Michigan, but until recently lived in Flint Township, Michigan where he continues to own real estate and his property is in close proximity to the property subject of this Complaint. **Rudolph Betancourt** frequents many establishments in the Genesee County region and has been a customer at the restaurants and shops on the property that forms the basis of this lawsuit. During the Plaintiff's visits to Defendant's shopping center he encountered architectural barriers at the subject property's common areas and in the restaurants located therein that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access;

proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a restaurant customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant and its amenities without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in

        violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13.    A preliminary inspection of the shopping center and restaurant and shops therein owned, operated or leased by **Mark VI, LLC**, including its public facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Restrooms

    A. The Men's restroom sign located in Legend's does not have the International Symbol of Accessibility or Braille and is not mounted on the latch-side of the door as required, violating Sections 216.2, 703.3, 703.7.2 , and 703.4.2, which remedy is readily achievable.

    B. The Men's restroom door in Legend's has door hardware that requires tight grasping and twisting of the wrist to operate, in violation of Section 404.2.7.1of the 2010 Standards, which remedy is readily achievable.

    C. The Men's restroom in Legend's does not provide the minimum clear floor space of 30" wide x 48" deep for a forward approach to the lavatory, violating Sections 305.3, 606.2 of the 2010 Standards, which is readily achievable.

    D. The Men's restroom in Legend's has a pedestal lavatory which does provide for compliant toe and knee clearance, violating Section 606.2 and 305 of the 2010 Standards, which remedy is readily achievable.

    E. The mirror in the Men's restroom of Legend's is mounted above the maximum height allowance, in violation of Section 603.3 of the 2010 Standards, which remedy is readily achievable.

    F. The Men's restroom toilet compartment door located in Legend's is not self-closing and does not provide door pulls on both sides as required in Sections 404.2.7 and 604.8.1.2 of the 2010 Standards, which remedy is readily achievable.

    G. The toilet compartment door in Legend's swings into the minimum required compartment area, violating Section 604.8.1.2 of the 2010 Standards, which remedy is readily achievable.

    H. The toilet compartment in the Men's restroom of Legend's does not provide compliant clear floor maneuvering space at the water closet, in violation of Sections 604.8.1.1 of the 2010 Standards, which remedy is readily achievable.

    I. There are no grab bars provided on the side-wall or rear wall of the water closet in the toilet compartment located at Legend's, violating Sections 604.8.1.5 and 604.5 of the 2010 Standards, whose remedy is readily achievable.

Access to Goods and Services

    J. There are public benches that do not have compliant clear floor or ground space positioned at the end of the bench as required, violating Section 903.2 of the 2010 Standards, which remedy is readily achievable.

Dining Areas

    K. The outdoor patio dining tables do not provide the required clear floor or ground space, as well as, lack compliant knee and toe clearance, violating Sections 226.1 and 902.2 of the 2010 Standards, which remedy is readily achievable.

    L. The interior dining surfaces exceed the maximum height allowance of 34" above the finished floor, violating Section 902.3 of the 2010 Standards, which remedy is readily achievable.

Accessible Routes

    M. There are cracks and changes in level in excess of ¼ inch along the accessible route, which remedy is readily achievable.

    N. The designated accessible parking is connected to the entrance via a non-compliant curb cut, which remedy is readily achievable.

Policies and Procedures

    O. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

14. The discriminatory violations described in Paragraph 13 by Defendant **Mark VI, LLC** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the

barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The shopping center at issue, as owned and operated by **Mark VI, LLC**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 *et seq*.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. **Mark VI, LLC** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

22. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

23. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (P66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

/s/ Valerie J. Fatica
Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
valeriefatica@gmail.com
*admitted to E. District of MI